UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| TRAVIS L. WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:22-CV-251-REW |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS L. WATTS, et al., | ) | OPINION and ORDER |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Travis Watts is a resident of Lexington, Kentucky. Watts recently filed a motion to proceed *in forma pauperis* with the Court. *See* DE 2 (Motion). Watts also filed a single piece of paper with a handwritten note upon it. The Clerk has docketed that note as a civil complaint. *See* DE 1 (Complaint). In that document Watts states:

> To whom it may concern,
>
> I am being hurt. My brain is split from center. I can't see straight. I have CP.[1] Doctor and hospital will not care for me or my health. Tried APS and CPS refused care. I need medical attention. I think my parents tried and are trying to kill me. I called even the FBI there calling my father Douglass Watts when my mom accused me of hitting her he threw his self in a case like to avoid further recourse one in a charge I think it makes it where he can't be charged if caught for hurting me.

*Id*. at 1 (cleaned up). The letter identifies Douglas L. Watts as his father and Rita Oberg as his mother. It also references a domestic violence proceeding initiated against Douglas Watts in Breathitt County, Kentucky in May 2022.[2] Watts has filed two more letters with the Court, each

---

[1] In a more recent letter, Watts indicates that he means cerebral palsy. *See* DE 8 (letter).
[2] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=013&court=1&division=DI&caseNumber=22-M-00142&caseTypeCode=MI&client_id=0 (accessed October 1, 2022).

describing his medical conditions and medications, as well as difficulties he has experienced in receiving effective treatment. In one letter, Watts asks the Court to help ensure that he receive medical treatment. *See* DE 6, 8 (letters).

Given constraints on its reach, the Court cannot assist Watts. As a federal court, this Court has limited jurisdiction, meaning it has the authority to decide only certain types of cases. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S.Ct. 1673, 1676 (1994). A person seeking relief from the Court "must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391 (6th Cir. 2016) (citation omitted). Watts does not do so. Further, the topics of the letters concern do not suggest either a question of federal law or a dispute between persons of wholly diverse state citizenship under 28 U.S.C. §§ 1331, 1332. The Court must therefore dismiss this case for lack of subject matter jurisdiction. If Watts has a need for state protection or intervention, he should contact proper state authorities.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** the DE 1 construed complaint filed by Travis Watts.

2. All pending motions are **DENIED** as moot.

3. The Court **DIRECTS** the Clerk to strike this matter from the docket.

This the 3rd day of October, 2022.



Signed By:
*Robert E. Wier*
**United States District Judge**